IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MANHATTAN CONSTRUCTION
COMPANY,

              Plaintiff,

v.

CECIL M. PHILLIPS et al.,

              Defendants.

1:09-cv-1917-WSD

## OPINION AND ORDER

This matter is before the Court on Plaintiff Manhattan Construction Company's Motion for Reconsideration [250] of this Court's May 11, 2010, Order (the "May 11 Order") [198] denying in part Plaintiff's Motion for Leave to File Amended Complaint [103]. Also before the Court are Plaintiff's Motion to Supplement [518] its responses to Defendants' Motions for Summary Judgment, and Defendants' Motion to Strike [533] Plaintiff's Reply [529, 530] in support of Plaintiff's Motion to Supplement. Finally, before the Court are various Motions for Continuing Protection [257, 316, 317, 375, 416, 450, 469], which the Court grants, and Defendants' Motion to Strike [346] Plaintiff's Amended Expert Report, which the Court denies.

**I.     BACKGROUND**

This case arises out of an almost-8 million dollar judgment that Plaintiff obtained against non-party Place Collegiate Development Company ("PCD") on January 15, 2008, in the Superior Court of Fulton County. Plaintiff performed general contractor construction services for PCD under a contract dated July 22, 2003 (the "Construction Contract"). Plaintiff brought an arbitration claim against PCD for breach of the Construction Contract, and, on January 15, 2008, the Superior Court of Fulton County, Georgia confirmed the arbitration award and entered judgment against PCD. On July 16, 2009, after PCD did not satisfy the judgment, Plaintiff commenced this lawsuit against Defendants Phillips and Copeland (collectively, the "Individual Defendants") and Defendants Place Properties, LP and Place Collegiate Properties Company (collectively, the "Entity Defendants"),[1] asserting a single claim to pierce PCD's corporate veil and hold Defendants liable for PCD's judgment debt.

On March 23, 2010, more than eight months after this case began, Plaintiff moved for leave to amend its complaint and add eleven new counts. The Court granted the motion in part and denied it in part. Applying the good cause standard of Federal Rule of Civil Procedure 16(b), the Court concluded Plaintiff failed to

---

[1] Plaintiff also named additional related entities as defendants, but the claims against those defendants have been dismissed.

show good cause for each of the proposed counts except for one. The Court allowed the addition of a fraudulent transfer count for two specific transactions, because those claims arguably related to discovery Plaintiff had recently obtained, and because Plaintiff had previously indicated its intent to add a fraudulent transfer claim. (May 11 Order at 14).

Plaintiff moves for reconsideration of the denial of Plaintiff's motion to add a claim for a declaratory judgment that the Entity Defendants were parties to the Construction Contract ("Proposed Count 1"). Plaintiff's theory is that declaring that the Entity Defendants were parties to the underlying construction contract between Plaintiff and PCD would retroactively bind the Entity Defendants to the judgment against PCD, even though the Entity Defendants were not parties to that proceeding.

This case has been marked by discovery disputes for nearly two years, from at least February 2010 until July 29, 2011, when Magistrate Judge Baverman denied Plaintiff's Motion for Reconsideration of an Order granting in part and denying in part Plaintiff's remaining discovery requests. During that time, the five parties remaining in this case filed a total of six motions for summary judgment, which remain pending before the Court. After Magistrate Judge Baverman resolved the last set of discovery disputes on May 10, 2011, Plaintiff filed a

Motion to Supplement its responses to four of Defendants' summary judgment motions. Defendants oppose the motion. They also move to strike, as procedurally improper, Plaintiff's reply in support of the Motion to Supplement.

## II. DISCUSSION

### A. Motion For Reconsideration

#### 1. *Legal Standard*

The Court does not reconsider its orders as a matter of routine practice. LR 7.1E, NDGa. A motion for reconsideration is appropriate only where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact. Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999); Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd 87 F.3d 1242 (11th Cir. 1996). A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented in the previously-filed motion. Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their

counsel to instruct the court on how the court 'could have done it better' the first time.").

  *2. Application*

Plaintiff seeks reconsideration of the May 11 Order based on the third prong justifying reconsideration, arguing that the Court made a "clear error of law or fact" when it denied Plaintiff's motion to add Proposed Count 1. In the briefing for Plaintiff's Motion to Amend, the parties disputed whether the "good cause" standard of Federal Rule of Civil Procedure 16 should apply, or whether the more lenient standard of Rule 15 should apply instead. The Court applied the "good cause" standard. Plaintiff asserts this was erroneous and that under the correct, lenient standard, Plaintiff should have been permitted to add Proposed Count 1.

Rule 16 provides that a "district judge . . . must issue a scheduling order . . . . The scheduling order must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(1), (3). Once a district judge enters the scheduling order, it "may be modified only for good cause and with the judge's consent." Fed. R.Civ. P. 16(b)(4). If, on the other hand, a scheduling order has not yet been entered, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

The Court's Local Rules require parties to submit a Joint Preliminary Report and Discovery Plan on the form created by the Court and included in Appendix B of the Local Rules. LR, NDGa 16.2 & App. B. Appendix B, part II, number six provides the deadline for amending pleadings: "Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law."

On October 14, 2009, the parties filed their Joint Preliminary Report and Discovery Plan ("Preliminary Report") [13], which contained the mandatory language from the local rules requiring the parties to file any amendments to their pleadings within thirty days of filing the Preliminary Report. Attached to the Preliminary Report were two different discovery schedules, one proposed by each party. On October 21, 2009, the Court issued the original Scheduling Order, stating:

> Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form [13] completed and filed by the parties, the court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:
>
> The following discovery schedule shall apply to this action: . . .

(October 21 Order).[2] The Court concurred with and approved the schedule for the processing of the case, including the deadline for filing motions to amend the Complaint.

Because the parties could not agree on the schedule for discovery, the Court considered the schedules proposed by each party and set the discovery schedule after its review. In its discovery schedule, the Court listed five milestones and the dates by which they were required to be completed. On March 9, 2010, the Court entered an Amended Scheduling Order granting the parties additional time to complete discovery.

The parties disputed the effect of the above language from the Scheduling Orders in the briefing on Plaintiff's Motion for Leave to Amend. Plaintiff argued that the Scheduling Orders adopted the time limit for amending the pleadings in the Federal Rules of Civil Procedure and the Court's Local Rules and specifically did not adopt the Preliminary Report filed by the parties. Plaintiff contended that since the Court specifically did not adopt the parties' Preliminary Report, the time limit for amending the pleadings was the default rule under the Federal Rules of Civil Procedure, which is the lenient standard of Rule 15.

---

[2] By adopting the Preliminary Report the Court ordered all motions to amend to be filed no "LATER THAN THIRTY DAYS" after the Preliminary Report was filed, as the Local Rules provide and as set out in the Preliminary Plan submitted by the parties and signed by the Court.

In the May 11 Order, the Court rejected Plaintiff's position. The Court held that "because the joint discovery plan filed by the parties contemplates that amendments to pleadings shall be filed within thirty days of the joint discovery plan, and because two scheduling orders have already been entered in this action, Plaintiff must at this stage of the litigation demonstrate good cause to amend its Complaint." (May 11 Order at 7). It is the requirement limiting the time to file motions to amend pleadings and the scheduling order that triggers the good cause standard of Rule 16, and the Court explained: "If Plaintiff were permitted to amend its pleadings, the scheduling order would again need to be modified to allow additional time for fact discovery and for the exchange of expert reports." (Id.). The good cause standard applied because the motion to amend was well beyond the thirty-day deadline for amending pleadings and because granting leave to amend the Complaint would have required the Court to amend the discovery time limits in the Scheduling Orders to allow for additional fact and expert discovery.

In its Motion for Reconsideration, Plaintiff resubmits the identical argument that the good cause standard of Rule 16 does not apply because the Scheduling Orders did not expressly adopt the Preliminary Report's thirty-day time limit for amending the pleadings. Plaintiff now bolsters its argument by citing a district court case from 2003, <u>Datastrip Int'l Ltd. v. Intacta Techs., Inc.</u>, 253 F. Supp. 2d

8

1308, 1317 (N.D. Ga. 2003) (refusing to apply good cause standard where court, by oversight, did not adopt the deadline for amending pleadings in the parties' preliminary report), which Plaintiff did not cite in its original Motion for Leave to Amend.

Although Plaintiff simply restates in its Motion for Reconsideration the same argument from its Motion for Leave to Amend, bolstered by a single citation to non-binding caselaw, the Court does not need to address the effects of Plaintiff's strained interpretation here that the thirty-day limitation on the filing of motions to amend that is in the local rules and which was set out in the Preliminary Report submitted to and executed by the Court does not apply in this case. Plaintiff's restated motion continues to ignore that the thirty-day period was just one basis for the Court's holding. The Court found in the May 11 Order that the Scheduling Orders expressly set certain discovery deadlines and that granting the motion to amend would have required amending the scheduling order to accommodate still further discovery enlargements in a case where two discovery schedules had already been approved to govern the process of discovery and where it already had been extended to allow the planned discovery to be completed.[3]

---

[3] This contrasts with Datastrip International, where the plaintiff in that patent case sought to add the defendant's subsidiaries as defendants so that any injunction prohibiting future infringement would bind the subsidiaries. 253 F. Supp. 2d at

9

Plaintiff has not directly addressed the ground on which on the May 11 Order rested, other than to state, misleadingly, that "[a]s the Court noted, Count 1 requires no new discovery." (Mot. Reconsideration 8). To support this statement, Plaintiff quotes language from the May 11 Order: "Proposed Counts 1 and 2 appear already to be asserted in the Plaintiff's original Complaint seeking to pierce the corporate veil of PCD and hold Defendants liable for the arbitration award Plaintiff obtained." (May 11 Order at 10). The Court was observing in the May 11 Order that Proposed Count 1 sought the same result as the original Complaint's piercing the corporate veil claim: to hold Defendants responsible for the judgment against PCD. The Court held that because "Plaintiff elected to seek and obtain an arbitration award only against PCD, not the Place Entities," the only theory available by which Plaintiff could hold the Place Entities liable under the judgment would be to pierce PCD's corporate veil. It was in that sense, and only that sense, that the Court stated that Proposed Count 1 was already asserted in the original Complaint, because Plaintiff's theory of relief was the piercing the corporate veil theory that had already been asserted. In that narrow sense, no new discovery

---

1317-18. Additional discovery clearly would not have been required in that case. It further appears that the scheduling order that had been signed by the court in <u>Datastrip International</u> did not reference the parties' joint report and discovery plan, as the Scheduling Orders in this case did. <u>Id.</u> at 1317.

would be required for Proposed Count 1, because it would be entirely redundant of Plaintiff's piercing the veil claim.

Plaintiff knows, however, that it sought months into this litigation—and when discovery was nearing its final stages—to assert a different and broader theory of relief than piercing the corporate veil. In a major enlargement in its litigating strategy, Plaintiff seeks a declaration that "the Place Entities are Parties to the Construction Contract and are Jointly and Severally Liable for the Judgment," (Mot. Reconsideration 2), to circumvent its May 2005 decision to request relief only from PCD, even though the contractual interpretation argument it now wants to assert was available when the Complaint was filed originally. The Court rejected this request in the May 2011 Order when it noted that "Plaintiff elected to seek and obtain an arbitration award only against PCD" and therefore could only hold the Entity Defendants liable for that judgment by piercing PCD's corporate veil. Regardless of the merits of Plaintiff's maneuver, if the Court permitted it to proceed, Defendants would be entitled to conduct additional discovery that would have unwarrantedly prolonged the case even when the amendment was requested originally.

The scope of the required discovery is, of course, not clear because Plaintiff has not articulated its theory of relief under Proposed Count 1. Plaintiff seeks to

bind the Entity Defendants to the judgment that PCD breached the Construction Contract by showing that the Entity Defendants were also parties to the contract. But showing that the Entity Defendants were parties to the contract does not bind them to a judgment against a different party to the contract. Plaintiff must also prove some basis for holding the Entity Defendants liable for a judgment for a case in which they were not defendants. Piercing PCD's corporate veil is one way to accomplish this, but, as discussed above, Plaintiff's attempt to add Proposed Count 1 implies it has an additional basis in mind.

Plaintiff appears to asserts two legal theories to support holding the Entity Defendants liable for the judgment against PCD. The first is that the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") holds property owners jointly and severally liable for costs associated with cleaning contaminated industrial sites, and a district court once held, in a CERCLA case against multiple owners who were all defendants, that a holding that each owner was liable included an implicit holding that their liability was joint and several. United States v. Amtreco, Inc., 858 F. Supp. 1189, 1190-91 (M.D. Ga. 1194). Plaintiff alleges the underlying construction contract defines the Entity Defendants as "owners" in some places, and asserts that owners are jointly and severally liable for judgments against other owners. In Amtreco, the relevant

owners were defendants and that case does not suggest that owners who were not defendants would be bound by judgments against other owners. Nor does it seem likely that a case about statutorily-imposed liabilities for certain owners of real property has any application to the interpretation of the term "owners" in a contract.

Plaintiff also claims that the Entity Defendants are liable as parties to the contract because they are principals of PCD, citing Campbell v. Alford, 272 S.E.2d 553 (1980), in support. Campbell involves an action for breach of contract against an agent and the agent's undisclosed principal. The court in that case noted that "contractual liability of such agent and principal is *not joint*, and, after an election to proceed against one, the other cannot be held." Id. at 554 (emphasis added). Campbell does not hold that one may obtain a judgment against an agent, seek a declaratory judgment that an agent-principal relationship exists, and thereby subject the principal to the judgment against agent. Cf. Norris v. Atlanta & West Point R.R. Co., 333 S.E.2d 835, 837 (Ga. 1985) ("Although under certain circumstances the master or, more rarely, the servant, may claim the benefit of a prior adjudication in favor of the other, the master or servant who has never had a day in court cannot be barred by a prior adjudication against the other."). If there is a theory of liability here, Plaintiff has not sufficiently alleged it.

Even if the Court applied the lenient standard of Rule 15 rather than the good cause standard, the Court would still deny Plaintiff's request to add Proposed Count 1. Under Rule 15's more lenient standard, a motion for leave to amend may be denied if there is "undue delay, bad faith, dilatory motive or undue prejudice." Forbus v. Sears Roebuck & Co., 30 F.3d 1402, 1405 (11th Cir. 1994). Plaintiff argues that the mere passage of time does not justify denying a motion for leave to amend. But where time passes during which a claim could have been but was not asserted, the resulting delay is considered undue. Although Plaintiff asserts that some of the evidence in support of its proposed declaratory judgment count was obtained during discovery, the claim relies primarily on the interpretation of a contract that Plaintiff executed in 2003. Not only was this claim available to Plaintiff when it filed this lawsuit in 2009, Plaintiff knew the essential elements of this claim when it initiated the original arbitration against PCD in 2008. Plaintiff unduly delayed asserting Proposed Count 1, and the Motion for Reconsideration is denied for that additional reason.[4]

---

[4] Based upon the authorities Plaintiff has cited for its "all the Defendants are parties to the original contract and bound by the judgment" proposed claim, the Court also concludes the claim would be futile. See Forbus, 30 F.3d at 1405.

14

B. <u>Plaintiff's Motion To Supplement</u>

Defendant Copeland filed an early motion for summary judgment on March 22, 2010 [102] and Defendants filed four additional motions for summary judgment on August 9, 2010 [358, 361, 363, & 367]. During that time, the parties were engaged in numerous discovery disputes, for which Plaintiff filed Motions to Compel on June 4, 2010 [243], June 14, 2010 [252], June 19, 2010 [266], and July 20, 2010 [312].

On May 10, 2011, Magistrate Judge Baverman issued a 78-page order granting in part and denying in part three of Plaintiff's discovery motions and denying the fourth. As a result of the Order on the motions to compel, Defendants were required to produce additional accounting and financial statements.

On July 11, 2011, Plaintiff moved to supplement its responses to Defendants' pending motions for summary judgment with evidence that was produced pursuant to the discovery order. Plaintiff argues good cause exists to supplement the responses because the supplement would be based on new material produced after the motions for summary judgment were briefed. Defendants oppose this motion, arguing primarily that Plaintiff cannot show good cause to amend the filings because Plaintiff waited until the end of the discovery period to bring the discovery disputes before the Court.

Whatever Plaintiff's responsibility for not timely asserting any discovery disputes, after addressing the timeliness issues in his Discovery Order, Judge Baverman ordered additional information to be produced by Defendants and the Court concludes it is appropriate and preferable to have all of the evidence before the Court when it addresses the pending motions for summary judgment.

The Court thus chooses to exercise its discretion to grant Plaintiff's motion to supplement its responses to the motions for summary judgment. Accordingly, Plaintiff is granted leave to file, on or before January 27, 2012, a single, 15-page supplemental memorandum limited to addressing the additional material the Defendants were required to produce pursuant to Judge Baverman's May 10, 2011, Order.. Defendants are permitted to file, on or before February 17, 2012, a single, consolidated, 15-page response to Plaintiff's supplemental memorandum. No other filings are permitted to be filed.

The Court will address the motions for summary judgment after these supplemental memorandums are filed. In the event that claims remain after the motions are decided, the case has been placed on the Court's June 4, 2012, trial calendar. A detailed schedule for trial preparation processing will be entered after the order addressing the motions for summary judgment.

C.  Defendants' Motion to Strike Amended Expert Report

Defendants also move to strike Plaintiff's expert's Amended Expert Report. Plaintiff filed its Original Expert Report on April 16, 2010, which was the deadline for filing expert reports in the Amended Scheduling Order. Fact discovery was required to conclude by May 31, 2010. The parties conducted some additional depositions of the Entity Defendants' personnel in late June 2010. On July 2, 2010, Plaintiff filed the Amended Expert Report, which amended and added to the previous expert report based on information discovered after the first expert report was filed on April 16, 2010.

Under the circumstances, the Court concludes it was appropriate for Plaintiff's expert to supplement his expert report in light of the additional evidence obtained after the filing of the Original Expert Report. The Court further concludes that Plaintiff timely filed the Amended Expert Report after the final depositions occurred on June 25, 2010. Defendants' Motion to Strike is denied.

**III. CONCLUSION**

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration [250] is **DENIED**. Plaintiff's Motion for Leave to File Excess Pages [310] in

support of its Motion for Reconsideration is **GRANTED**. Defendants' Motion for Leave to File a Surreply [313] is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement Filings is **GRANTED**. Plaintiff is granted leave to file, on or before January 27, 2012, a supplemental briefing of no more than 15 pages. Defendants are permitted to file, on or before February 17, 2012, a combined response not exceeding 15 pages. No reply is permitted. Defendants' Motion to Strike [533] Plaintiff's Reply in Support of the Motion to Supplement Filings is **DENIED** as moot.

**IT IS FURTHER ORDERED** that this case is placed on the Court's June 4, 2012 trial calendar, in the event trial is necessary.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike [346] Plaintiff's Amended Expert Report is **DENIED**.

**IT IS FURTHER ORDERED** that the pending Motions for Continuing Protection [257, 316, 317, 375, 416, 450, 469] are **GRANTED**.

**SO ORDERED** this 13th day of January, 2012.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE